**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| CHOISE TOOLS, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:14-cv-225-JMS-DKL |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to**
**28 U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Choise Tools ("Tools") for relief

pursuant to 28 U.S.C. ' 2255 must be **denied** and the action dismissed with prejudice. In addition,

the court finds that a certificate of appealability should not issue.

**I. The ' 2255 Motion**

*Background*

Tools faced drug charges in Case No. 2:12-cr-00029-JMS-CMM-1. These charges,

coupled with Tools' prior drug convictions and the possible filing of an enhancement pursuant to

21 U.S.C. § 851(a)(1), exposed Tools to a mandatory life sentence. Instead of that outcome,

however, Tools and the United States negotiated a plea agreement whereby, in part, Tools would

plead guilty to three charges, the United States would dismiss a fourth charge, Tools would receive

an executed sentence of 96 months, and Tools surrendered what would otherwise be his rights to

file an appeal and to file a collateral challenge pursuant to 28 U.S.C. § 2255. The plea agreement

was accepted and Tools was sentenced pursuant to its terms on July 13, 2013.

Notwithstanding the waiver provision of the plea agreement, Tools filed a motion for relief

pursuant to 28 U.S.C. § 2255

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974).

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) the plea agreement was involuntary, 2) the district court relied on a constitutionally impermissible factor such as race, 3) the sentence exceeded the statutory maximum, or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.*; *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of a deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.@).

In *Mason,* the court stated that the following analysis should be considered in determining whether a claim has been waived: A[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?@ *Mason,* 211 F.3d at 1069. In addition, to prevail in an ineffective assistance of counsel claim as to a guilty plea, under *Strickland v. Washington,* 466 U.S. 668, 694 (1984), a movant must demonstrate through objective evidence that counsel's advice regarding the

plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, he would not have pled guilty and would have insisted on going to trial. *Mulero v. Thompson,* 668 F.3d 529, 537 (7th Cir. 2012); *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (movant's claim that counsel should have investigated circumstances of search and moved to suppress evidence in context of challenge to guilty plea failed for lack of evidence of invalid consent).

Tools has shown no circumstances which would permit him to escape the consequences of the waiver provision in the plea agreement. He does not show, and a reasonable person informed of the pertinent circumstances could not show, that he would not have pled guilty but would have insisted on going to trial. In addition, he has not shown any ineffective assistance of counsel in relation to his plea agreement. His attorney performed in exemplary fashion in negotiating the 96-month sentence and Tools does not show any circumstances from which it could be concluded that, had his attorney performed differently, "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Tools fails to show either deficient performance or prejudice.

As to Tools' contention that his sentence was harsh, that also is baseless. The plea agreement identifies the specific sentence for which Tools bargained. He was sentenced in conformity with that specification. "Any expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive our decision in *United States v. Booker,* 543 U.S. 220 (2005), which invalidated the mandatory features of the Guidelines." *Irizarry v. United States,* 553 U.S. 708, 714 (2008).

Accordingly, as to all of his claims, the waiver provision of the plea agreement is valid and will be enforced. Tools' ' 2255 challenge is barred by the waiver provision in the plea agreement and, apart from this, his claims are meritless.

*Conclusion*

The foregoing shows that Tools is not entitled to relief pursuant to 28 U.S.C. ' 2255. The motion for relief pursuant to ' 2255 is therefore **denied**.

Judgment consistent with this Entry shall now issue.

**II. Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Tools has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date:   February 5, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Choise Tools
111028
Allenwood Low FCI
P.O. Box 1000
White Deer, PA 17887